## 10810

### STATE v. POSTON
### (110 S. E. 399)

1. CRIMINAL LAW—FAILURE TO ALLOW DEFENDANT THREE DAYS' IN-SPECTION OF INDICTMENT BEFORE ARRAIGNMENT NOT ERROR.—Failure to allow defendant three days' inspection of indictment before arraignment *held* not error under Cr. Code 1912, §§ 66, 84, providing for delivery of copy of indictment three days before trial.

2. CRIMINAL LAW—FAILURE TO ALLOW INSPECTION OF INDICTMENT BEFORE ARRAIGNMENT HARMLESS, WHERE DEFENDANT POINTS OUT NO DEFECT IN INDICTMENT.—Failure to allow defendant inspection of indictment before arraignment would not have been reversible, even if error, where defendant does not point out any defect in the indictment of which he might have taken advantage and no prejudice is shown.

3. CRIMINAL LAW—MOTION FOR CONTINUANCE ADDRESSED TO THE DIS-CRETION OF PRESIDING JUDGE.—A motion for continuance is ad-dressed to the discretion of the presiding Judge.

4. CRIMINAL LAW—EXCEPTION, CHARGING ERROR IN REFUSAL OF NEW TRIAL, WITHOUT SPECIFICATION OF ERROR NOT CONSIDERED.—Excep-tion, charging error in refusing motion for a new trial without speci-fication of error, will not be considered on appeal.

Before WILSON, J., Williamsburg, June, 1921. Affirmed.

Tom Poston indicted for the murder of J. H. Miller and upon conviction, with recommendation to mercy, appeals.

*Messrs. Kelley & Hinds,* for appellant, cite: *Accused should have copy of indictment three days before arraign-ment*: Crim. Code 1912, Sec. 66. *Pleading to indictment waives objections thereto*: 7 Rich. 327; 1 Bail. 330; 2 Hill 381; 3 Hill 1; 32 S. C., 392; 2 McC. 257; 12 Rich. 24.

*Messrs. F. H. McLeod,* Solicitor, and *P. H. Stoll* and *Lee & Shuler,* for respondent, cite: *Accused is entitled to copy of indictment three days before trial, not arraign-ment*: Crim. Code 1912, Sec. 66. *Arraignment is proper time to demand copy*: 44 S. C. L. 257. *Three days after arraignment is too late*: 27 S. C., 80; 1 Brev. 8; 10 Rich. 268. *Objections to indictment must be taken before jury*

*is sworn*:   Crim. Code 1912, Sec. 84; 83 S. C., 434. *Continuance is in discretion of trial Judge*: 27 S. C., 80; 88 S. C., 98; 83 S. C., 476; 84 S. C., 574; 114 S. C., 151; 98 S. C., 105; 9 Cyc. 161; 80 S. C., 315; 99 S. C., 231; 47 S. C., 488; 18 S. C., 315; 1 C. J., 372. *New trial in discretion of trial Judge*: 100 S. C., 331.

January 25, 1922.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Appeal from conviction of manslaughter.

The exceptions impute error:   (1) In not allowing the defendant three days' inspection of the indictment before arraignment; (2) in refusing the defendant's motion for a continuance; (3) in refusing the defendant's motion for a new trial.

Section 66 of the Criminal Code provides for the delivery of a copy of the indictment to the defendant, upon demand, at least three days before trial, not arraignment.   Section 84 provides that objections to an indictment for defects apparent upon the face thereof shall be taken by demurrer or motion to quash before the jury is sworn.   An objection, properly made after arraignment and before the jury is sworn, would therefore be in time.   The contention of the defendant, therefore, that he was deprived of the opportunity of objecting to the indictment by being arraigned before an inspection of it was afforded him, cannot be sustained.

Besides, the appellant has pointed out no defect in the indictment of which he might have taken advantage, and, even if his position in this regard be sound, he has not shown that he was at all prejudiced by the alleged loss of an opportunity to demur to or move to quash the indictment.

The motion for a continuance was addressed to the
3    discretion of the presiding Judge, which appears to
have been wisely exercised; at least there is nothing
to show an abuse of it.

The exception, charging error in refusing the de-
4    fendant's motion for a new trial, is entirely without
specification of error, and will not be considered.

The judgment of this Court is that the judgment of the
Circuit Court be affirmed.